## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 30 2019, 9:00 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Benjamin J. Church
Church Law Office
Monticello, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Justin A. Hines,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 30, 2019<br><br>Court of Appeals Case No.<br>18A-CR-3136<br><br>Appeal from the White Superior Court<br><br>The Honorable Robert B. Mrzlack, Judge<br><br>Trial Court Cause No.<br>91D01-1711-F6-204 |

**Pyle, Judge.**

# Statement of the Case

Justin Hines ("Hines") appeals his conviction following a jury trial for Level 6 felony residential entry.[1] Hines specifically argues that there is insufficient evidence to support his conviction. Concluding that there is sufficient evidence, we affirm Hines' conviction.

We affirm.

# Issues

Whether there is sufficient evidence to support Hines' conviction for Level 6 felony residential entry.

# Facts

In November 2017, the State charged Hines with Level 6 felony domestic battery, Level 6 felony residential entry, and Class A misdemeanor criminal trespass. At trial, Hillary Likens ("Likens") testified that she was in her living room when Hines opened the door to her apartment and walked through the front door. Hines pushed Likens into a wall and grabbed her cell phone out of her pocket. Likens told Hines to leave her apartment. Hines got into a gold car and threw Likens' cell phone out of the window as he drove away. Likens also

---

[1] IND. CODE § 35-43-2-1.5.

testified that Hines had asked her to write a letter explaining that she had invited him into her apartment. Likens never wrote such a letter.

[4] Also at trial, the property manager at Likens' apartment complex ("the property manager") testified that she had heard Likens scream and had watched a gold vehicle leave the complex. When the property manager arrived at Likens' apartment, Likens, who was crying, was in the process of contacting the police.

[5] Monticello Police Department Patrolman Nathan Miller ("Patrolman Miller") testified that he was dispatched to Likens' apartment with information that there had been an uninvited guest in the apartment. When Patrolman Miller arrived at the apartment, Likens was crying and upset.

[6] Also at trial, Hines and his friend, the driver of the gold car, testified that Likens had opened the door to her apartment and invited Hines into her home. A jury convicted Hines of residential entry and criminal trespass. Hines now appeals his residential entry conviction.

## Decision

[7] Hines's sole argument is that there is insufficient evidence to support his Level 6 felony residential entry conviction. Our standard of review for sufficiency of the evidence claims is well-settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or judge witness credibility. *Id*. We will affirm the conviction unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. *Id*.

The evidence is sufficient if an inference may be reasonably drawn from it to support the verdict. *Id*. at 147.

[8] Here, Hines specifically argues that there is insufficient evidence to support his conviction because Likens' testimony about Hines breaking and entering into her apartment without her permission was "equivocal" and "contradictory." (Hines' Br. 9). Hines therefore asks us to apply the incredible dubiosity rule. According to Hines, if this Court applies the incredible dubiosity rule, "there would be no evidence to sustain a Residential Entry conviction." (Hines' Br. 9).

[9] The incredible dubiosity rule provides that a court may impinge on the jury's responsibility to judge witness credibility only when confronted with inherently improbable testimony. *Moore v.* State, 27 N.E.3d 749, 754 (Ind. 2015). This rule is applied in limited circumstances, namely where there is "1) a sole testifying witness; 2) testimony that is inherently contradictory, equivocal, or the result of coercion; and 3) a complete absence of circumstantial evidence." *Id.* at 756.

[10] Our review of the evidence makes it clear that the incredible dubiosity rule simply does not apply in this case for three reasons. First, there were multiple testifying witnesses in this case. *See Moore,* 27 N.E.3d at 756. Second, Likens' testimony was not internally inconsistent. *See Smith v. State*, 34 N.E.3d 1211, 1221 (Ind. 2015) (explaining that the second prong of the test is satisfied "only when the witness's trial testimony was inconsistent within itself, not that it was

inconsistent with other evidence or prior testimony"). Third, the testimony from the other witnesses provided circumstantial evidence of the crime. Specifically, the property manager, who had heard Likens scream, testified that she had found Likens in her apartment crying and in the process of contacting the police. In addition, Patrolman Miller testified that he had been dispatched to Likens' apartment with information that there had been an uninvited guest in the apartment. When the patrolman arrived at the apartment, Likens was crying and upset. The State presented sufficient evidence to convict Hines of Level 6 felony residential entry.

[11] Affirmed.

Riley, J., and Bailey, J., concur.